Case 4:21-cv-02754   Document 10   Filed on 05/24/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDELL GLEN LAWS a/k/a § <br> RANDALL GLEN LAWS § <br> TDCJ # 01256902, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> BOBBY LUMPKIN, § <br> § <br> Respondent. § | CIVIL ACTION NO. 4:21-2754 |

## MEMORANDUM OPINION AND ORDER

State inmate Randell Glen Laws (a/k/a Randall Glen Laws) has filed a petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). The Court initially dismissed this action because the Fifth Circuit had imposed a $100 sanction against him and barred him from filing any challenge in this Court to his 2004 conviction and sentence until the sanction was paid in full (Dkt. 6). After Laws paid the sanction, the Court granted his motion to reinstate this action. Having now reviewed this matter under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

### I. BACKGROUND

Laws is serving a 99-year sentence imposed in 2004 for a murder in Harris County, Case No. 993419. *See* Inmate Information Search, Texas Department of Criminal Justice,

available at https://inmate.tdcj.texas.gov/InmateSearch (last visited May 20, 2022). He previously has filed multiple federal habeas petitions challenging his 2004 sentence. In 2007 he filed a petition that the district court denied, after which the Fifth Circuit affirmed the denial of relief. *See Laws v. Stephens*, 536 F. App'x 409 (5th Cir. 2013). He later filed at least two additional petitions that were dismissed as unauthorized successive petitions under 28 U.S.C. § 2244(b). *See Laws v. Davis*, Civil Action No. 4:17-1043 (S.D. Tex. Nov. 1, 2017), *certificate of appealability denied and sanction imposed*, Appeal No. 17-20711 (5th Cir. July 16, 2018); *Laws v. Davis*, Civil Action No. 4:16-0070 (S.D. Tex. Feb. 13, 2017), *certificate of appealability denied and warning issued*, Appeal No. 17-20295 (5th Cir. Feb. 2, 2018).

Laws' current petition again challenges his 2004 conviction and brings four claims: (1) that his due process rights were violated when he unknowingly entered in to a plea agreement; (2) that his trial counsel was constitutionally ineffective in connection with the plea agreement; (3) that his appellate counsel was constitutionally ineffective in connection with the plea agreement; and (4) that his due process rights were violated because court officials and counsel denied him free copies of the record.

## II.     DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified as amended at 28 U.S.C. § 2241 *et seq*. AEDPA imposes restrictions on "second or successive" applications for habeas relief. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move

in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). If a claim in a second or successive petition was presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1). If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies the following standard:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; ***or***

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; ***and***

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

> factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (emphasis added).

Laws' current petition challenging his 2004 conviction meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent he argues that he brings new claims that could not have been previously discovered, this Court lacks jurisdiction over his claims because he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition. Therefore, even assuming that Laws could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38. Additionally, based on Laws' litigation history, the Court determines that the current petition is an abuse of the writ. *See Cain*, 137 F.3d at 235.

For the reasons stated above, the Court will dismiss this habeas action as an unauthorized successive writ.

## III.   **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district

court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____May 24_____, 2022.

*George C. Hanks Jr.*

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE